Mr. Schultz you are here by video that's correct your honor all right and can you can you hear us okay I can thank you all right if if there are any problems mr. Schultz you just you just let us know and so when whenever you are ready mr. Schultz and you have 20 minutes thank you your honor may it please the court Benjamin Schultz on behalf of the United States I'd like to reserve five minutes for rebuttal okay please keep track of your time sure your honor the district court in this case concluded that even though the fourth amendment was entered into in September 2011 and even though even though entering into the fourth amendment was the very breach of contract and breach of fiduciary duty that the United States was suing over nonetheless the government's claims accrued before that breach ever occurred counsel I have a question I hope you can help me with sure the condition precedent here of approval by the government of the fourth amendment was plainly not met I don't think that's an issue there are various ways that a condition precedent can be waived under New York law which was the choice of law in the contract and I'm trying to figure out whether it can be waived and whether it has been waived I suppose one way would be a subsequent agreement not to enforce there's a problem there because there's an anti-waiver clause in the lease another thing that I don't know quite what it means there's a letter at excerpts of record 336 from the county manager to the government where they send the 147 thousand dollars and it's a little hard to interpret that and I'm trying to whether that turns into a waiver of the condition precedent help me sure and your honor let's let's start at the top actually I think everybody agrees that this contract is interpreted under Nevada law rather than New York law I don't think anyone's ever said it's got a choice of law clause in it that says New York law I never understood why everybody was looking to Nevada law your honor I I'm not familiar with that I don't think anyone's ever cited that and the defendants have agreed with us I thought it had that choice of law provision in the contract you have the contract right in front of you I imagine I I do are you saying the fourth amendment has a choice of law provision that makes Nevada law apply I'm sorry it makes New York law apply instead of Nevada law did I confuse this case with the next one it's possible I suppose I well go ahead it's it is possible go ahead with the interpretation of the so you're why don't you why don't you go back to the lease go ahead and talk about the way sure yeah so I'm happy to explain why the conditions precedent don't apply here so there are conditions precedent in the lease I think one of the first questions the which provisions of the lease are subject to the conditions precedent because there's no dispute that the parties agreed that the entire lease was effective there's no dispute that even the provision about conditions precedent says that some provisions are subject to the conditions precedent and some aren't so then the question is which ones are subject to the conditions precedent the defendant's argument is that section 1.6 which is the new rent provision is subject to section 1.6 itself which says that is effective on the approval date which is the date that was entered into well counsel it's it certainly says that but let me quote from paragraph 36 of your complaint BLM's express written approval of the fourth amendment was a condition precedent to most of the fourth amendment's terms including the new rent provision so that's what you alleged spoiler alert I'm going to ask the other side because their answer said you're wrong but you wrote in your complaint that this was a condition precedent to the new rent provision so doesn't that at the very least create isn't the lease at the lease at the very least ambiguous under Nevada law if you have to look at parole it's for the trier of fact so isn't this issue for the trier of fact so your honor it may well be for the trier of fact I think we don't think it's ambiguous because of the specificity so as a matter of Nevada law one thing you can do just looking at the plain text is apply the provision the specific governs the general here the general provision is the general conditions but counsel there are there are two specifics so I agree with you that one of the specifics is the rent provision takes effect on the approval date and there's no question the approval date took place but 1.6 also has this list of terms I'm sorry 1.2 also has this list of terms that the remaining section shall not be operative until the condition precedent date until the effective date which never occurred so why aren't those both specific well there it has to do with the level of specificity so even if you think it's specific as to 1.6 and you'll see that 1.6 isn't a specific term mentioned instead it gives a bunch of lists and then says everything else is subject to the condition precedent I don't agree that's pretty specific isn't that pretty specific 1.6 is in the everything else right right it's in the everything else but even more specific than everything else is 1.6 itself which is just about the new rent and so let me ask you this if we do find that there's an to go to a jury trial if it goes in front of a jury what is the evidence and what is the jury supposed to determine sure well if the court thinks that there is an ambiguity we think all of the extrinsic evidence favors the idea that it was immediately effective so the first thing you have is the drafting history in the august 2011 version august section 1.6 said that it would take effect on the effective date and then the parties intentionally and specifically changed it they would take effect on the approval date then you have the course of performance it's undisputed that the county was billing nevada links under the fourth amendment it was sending invoices i thought approval date meant approval by the blm no approval date as defined under the contract was the date that the part the county board approved the contract which was uh september 6 2011 the effective date was the date that all of the conditions precedent including interior's so and and as i understand it um that we we know that the blm approval as one of the conditions precedent was never met right that's correct and the zoning condition was never met either right that's correct that wasn't as far as anyone can tell that was also not yeah i didn't see anything in the record about whether the lender condition was met look i still want to know i'm just i'm of the parole evidence that i've seen supports your construction and so if we get past uh the limitations issue then what what do we have to try the case i didn't see an argument from you other than it's unambiguous and therefore we win as a matter of law what if it is ambiguous can you still win as a matter of law so your honor i'm not sure that there would be any fact questions we move for summary judgment on liability we think it is uh clear that we're entitled to summary judgment that this provision was in effect uh and we think that there are no there are no material factual disputes because all of the external evidence points in one direction there is a material factual dispute counsel there's a material factual dispute about whether this provision is is effective on the approval date or the effective date and as i read nevada law nevada law says if you have as i understand it but correct me if i'm wrong here because you both argued the lease is unambiguous but my understanding of nevada law is if you have to resort to any parole except trade usage which is not applicable here but if you have to resort to any parole then it's for the trier effect are you aware of any nevada case which says that you can a resort to parole other than trade usage and b still determine the meaning of the contract uh as a nevada case to the court that stands for that proposition but what i do want to point out is that you have one additional fact here which is that in 2014 the county and nevada links um jointly filed an estoppel certificate so certainly as to 2014 um even if you thought the contract was originally ambiguous from 2014 onward we don't see how there's any remaining ambiguity because but isn't an estoppel certificate parole well your honor i think the point is at a minimum even if you thought that the original agreement had not been immediately effective as of 2014 there would have been a modification of that agreement and we noted in our reply brief that if that was the interpretation it's clear that as of 2014 they they modified the agreement when they followed the estoppel certificate but i don't want to belabor the point i think at the end of the day you know whether or not you think it's clear as of 2014 or whether or not you think it's it's clear as of 2011 at an absolute minimum the district court was was incorrect to grant summary judgment we think there's a lot of evidence here that shows that this contract it's evident for our questions to you i suppose that we're not accepting the treatment of it as kind of an installment agreement where the statute uh embraces the last six payments none of our questions would seem to assume that can you get us back to what this letter that the county sent to the government with the payment of 147 000 means yeah we think that that's the county admitting to the united that's because the county sends all of these payments that it collected from 2013 to 2016 and it says we've been collecting them because the fourth amendment has been in effect and we're going to continue to collect them but but but counsel i mean again i i agree that's a pretty clear letter it's parole but i mean if you look at er 529 on september 13th 2011 the the county the department of aviation sent a letter that said the ground lease amendment is conditioned upon express written approval of the blm so um i mean they sent different letters saying different things just like your complaint than their answer take opposite positions than you're taken now isn't that all like thrown into the mix as wow we better let a trier of fact sort this out and your honor if the court thinks that all of this creates an issue of fact then then you know we'll we'll fight that out in the district court so as i think as i recall there's a nevada case let's see what was the name of it don't seem to have it handy right now but there was a nevada case that says if the contract is ambiguous it's not just um i think it's udevco versus wagner it doesn't just let in extrinsic evidence the way ambiguity often does it also means that the case should be given to a jury is that right your honor if you're not fighting us on that are you i'm not at the end of the day we're here on an appeal from a grant of summary judgment to the defendants and our position is that summary judgment should not have been granted to the defendants so you're happy enough if we send it back for a jury trial i i think actually in this case no one has demanded a jury trial it might be a bench trials but either way our position is that summary judgment should not have been granted to the so council i want to slightly change focus with hopefully like a more practical question so as i understand the plaintiff's position their legal position which is sort of part two of their alternative arguments is that um what the lease really provided is that both fixed rent and participatory rent have they say the the rent provision never came into effect but if they're but they say alternatively even if they did even if it did come into effect on the approval date both fixed rent and participatory rent were simultaneously in effect you understand that's their position right that is the county's position i think that a links takes a different position i understand but if if right on that then there's no breach right if if if you're getting the united states agrees that if you get both participatory and fixed there's no breach right i think it gets someone it becomes a much more complicated issue if we're getting both whether or not there is or is not breach well but you've you've argued participatory without fixed is not a breach right so had you not entered into the fourth amendment at all then we we have not in this case challenged the idea that the original 1999 lease based on the information available in 1999 um was at fair market value that complicated i'll ask your friends this question too but if they're saying you you theoretically are getting both participatory rent and fixed rent and if in view at least hypothetically that that wouldn't be a breach and if it looks like this case could be sent back for trial wouldn't you think that there's some grounds here that you and your friends could possibly come to some agreement without having to send this case back for trial which is going to be expensive and time consuming for everybody your honor we're always in the mood you were always willing to talk with people about uh resolution um you know we're if the court thinks it would be helpful we can certainly continue discussions well i i i would i would urge you and your friends to think about whether or not we have excellent mediators in the ninth circuit and i mean we're not going to send this case to mediation unless both parties want it to that mediation might be helpful within a week after submission of this case sort of send us a communication and i'm sure we would be happy if both parties wanted this to go to mediation to refer it but it sounds like there might be a way uh the parties could find some common ground especially if this case is heading back for trial your honor we will we will let the court know within a week if we think that further mediation would be fearful i have something else i want to ask you i i think you might be selling yourself too short and there might be a shorter way out of this case let's assume that nevada law says if there's an ambiguity you got to have a trial that may be the function of the fact that it hasn't come up in nevada that all the evidence points one way as you argue with regard to the approval versus effective date and shouldn't we be applying the rule 56 standard rather than nevada law on that point so that if all the evidence does point one way no reasonable jury could find in favor of your adversary anyway why don't we rule on it as a matter of law just like the district court would do it even if nevada law hasn't gotten there yet that's exactly right your honor and i think that's that and i apologize if it wasn't clear before that i think i was trying to give that argument that we think all the extrinsic evidence points in one way so even if you thought there was ambiguity and you had to then look to extrinsic evidence that extrinsic evidence then tells you how to resolve this apply as a procedural matter counsel both of you argued to the district court that the contract was clear as a matter of law correct um our position was that we were entitled to summary judgment on liability that's correct okay and their position was also that the contract was clear right they thought that that's correct so so no one claimed that the contract was ambiguous and that the extrinsic evidence commanded summary judgment nonetheless right nobody made that argument to the district court right well your honor in in our summary judgment papers when they defended against our motion for summary judgment um we explained that we were entitled to summary judgment and we explained that you know number one the contract is clear but number two is a matter of nevada law if you had to if there was ambiguity you could look to extrinsic evidence so in support of summary judgment i believe we did make the argument that the extrinsic evidence was a further reason why we were entitled to summary judgment an alternative argument correct yes as an alternative all right you're down to about two minutes would you like to reserve and we'll give you a little bit of extra time for your rebuttal yes thank you your honor all right all right whenever you're ready counsel thank you your honor may it please the court i'm jonathan harden and i represent the defendant county of clark um before i get started i think the site you were looking for for nevada law is gilardi versus naples polaris which is 129 nevada 306 which says if if there is an ambiguity requiring extrinsic evidence to discern the party's intent then summary judgment is improper wasn't there evidence going both ways in that case wasn't there parole going both ways so your honor i think the fourth amendment is certainly creative we think it's clear the extrinsic evidence that the government points to we think goes to the question of whether or not there was a modification of the contract so we submit that the fourth amendment itself is actually clear and unambiguous while creative and that it allowed for risk-free payments to be made by the the language is clear that section 1.6 does not become legally operative meaning that it does not displace the participatory rent term in the original lease unless or until all three conditions proceedings are met okay well counsel let me let me sort of press back a little um on on that point so if you could take a look at section 1.6.2.1 if you have that there the last paragraph do you see that yes and it starts with the rental shall begin on the approval date do you see that paragraph i do and then it has a discussion of proration for the month of 2011 right that's correct but it would have been legally impossible for the effective date to occur before the end of september 2011 correct correct the effective date has not even occurred to this day right but i'm saying it would have been at the time the approval date came it was legally impossible for the effective date to have come before the end of 2011 right the blm could have no i'm not talking about i'm not even talking about the blm condition there was a zoning condition right correct and the zoning condition required not only that the zoning change be approved but that all appeal periods had run correct correct and nevada law uh which we've looked at nrs 278.3 15 has an appeal period of 25 days okay and so it was legally impossible because september 11th plus 25 days takes you past september 30th right that's correct so what you're telling us is that this rent provision which specifically discusses pro prorating rent for the partial month of september was a nullity from the start that um couldn't possibly have gone into effect but you're still arguing that the lease is unambiguous that the rent didn't start till the effective date no that's not what we're arguing okay we're arguing that the parties to this contract by the way the plaintiff the united states government is not a yeah i understand the parties to this contract did something creative which is they said if the conditions preceding are met at some point in the future and the effective date happens we want these ground rent payments to begin and effectively backdate to the approval date and they if you read on in the rest of the last paragraph of section 1.6.2.1 it sets out exactly what happens in the event that the effective date never comes which is no credit or refund for those provisional payments will be but under your construction wouldn't that mean that the effective date has to occur before any rent is owed and then once the effective date occurs there's a retroactive payment back to the approval date is that what you're arguing the parties could have done it that way but the way they actually did it was to say go ahead and start paying and that there will be no credit or refund for the ground rent paid under this section 1.6.2.1 through the company so the risk of loss if you will it's it says on nevada links it says the rent referring to the hundred thousand shall begin on the approval date prorated for the month of september and if the participatory rent so i i mean i i understand that there is another provision that uh says the rental provisions don't come into effect till the effective date but here the rent begins the rent this rent meaning the hundred grand shall begin on the approval date and if the effective never comes it reverts which i think the most logical meaning of that is it reverts to the how isn't my reading which is the government's reading how isn't that at least a possibility such that it needs to go to a trier of fact um if you credit that argument your honor the and and there you find that there is an ambiguity then um that question if it were necessary to decide i would agree with you would go to the trier of fact but chief judge dues decision does not get to the question of whether or not the fourth amendment was or was not effective to displace the participatory so yes you're obviously your first argument is the statute of limitations yes but what i don't understand is how can the statute of limitations begin running before there's a breach i mean the government has said participatory rents not a breach the only breach is the the new hundred grand rent term and at the very earliest that was effective september 11th i i am totally at sea as to how the statute of limitations for a breach of contract can start running before there's a breach yeah so i think first there's the the plaintiff doesn't get to zoom in on only part of the circumstances and ignore the totality of the circumstances in deciding what conduct it wants to be the breach as opposed to what the accrual why not why not i mean the fourth amendment could have started a new clock maybe they were in breach for the zero dollar payments that happened prior to that but why why did anyone have to call that and no one did because even on the government's position the fourth amendment increased the proceeds that it was receiving it's not a new and discrete no that's just the rent it increased the proceeds but a percentage lease that produces nothing because there's no net to apply the percentage to can still be at the time it was made an agreement for a much higher rent because the parties anticipate much more net revenue that's what happened here evidently and so it can be a rent it can be a lower rent it can be an approximation at the what's important is whether it's a different rent and whether it went into effect because that would start the clock running yeah so two responses there judge kleinfeld i think first we would say we think the district court got it right but the injury the united states is alleging is you understand we have to review de novo right absolutely but that the injury and i'll get to the second point that the injury is the alleged failure to lease or otherwise convey the property for fair market rent and that that they had a reasonable notice of that long before the parties proposed the fourth amendment but the second i don't see how they could have reasonable notice before the fourth amendment went into effect because the they could have reasonable notice that there might be a breach coming but there couldn't be a breach till it went into effect well they're suing under the and the subsequent memorandum agreement they're not suing under the fourth amendment so the breach is oh i think the government would disagree with you on that i think the government would say they're suing on the entire lease but the breach was of the fourth amendment that's what they're arguing but i'm saying that the the contracts that they're alleging that the defendants breached were in existence long before the fourth amendment i'm not sure that's true um the way the statute is worded it runs from the the time of a lease for less than fair market value rent and such a lease would not be made until the fourth amendment became effective talk agreement to make a lease in the future all that is not the same thing i respectfully disagree i think the lease here the conveyance of the property giving the leasehold interest to nevada links occurred in the old lease and the government didn't think it was a breach say help me on something else i don't want either of us to forget about it give me your interpretation of this letter that said excerpts of record 336 may 24 2016 the one where the county writes to the government and closed as a payment of 147 000 and so forth what does that letter mean and say i'm trying to find out whether there's a right so i don't i don't think it's a waiver i think it's the reality of exactly how the party's creatively set up this condition proceeding and payment scheme to work which is the payments would begin and remember under sniplema and the deed there's an obligation to i don't think it made my question clear i thought i don't think i made my question clear so let me tell you what's you can educate me the way i understood the 99 lease or rather the way i understood the i guess probably both but the way i understood the fourth amendment was there's a there are various conditions precedent one of the conditions precedent is that the government approve whatever deal the county and the golf course make now if that condition precedent prevents the formation of a new contract then the fourth amendment never goes into effect and there's never any breach i don't suppose but if that condition precedent of approval has somehow disappeared through waiver or anything else then putting the fourth amendment into effect could be a new lease innovation and a new breach and i'm trying to figure out whether this letter means that the county concedes as the government contends that the condition precedent has in fact been waived no we don't concede that in order to prove waiver contract modification or waiver the plaintiff must meet its burden by clear and convincing evidence we think given the way the fourth amendment was structured where the payments began before the effective date and that the that where i was going is that the county is required under snippleman the deed to remit 85 percent of gross proceeds regardless of whether it's below above or at fair market value and so it's perfectly natural for the county to be remitting the proceeds of these provisional payments that that were being made they were required to do that the other thing i want to point out is that board of county commissioner approval would be have been required well tell me about this contract one individual employee can't do it by letter or otherwise tell me about the words of of this letter it says that the county and the golf course have renegotiated the payment terms and it says that the remaining terms become operative upon approval of the fourth amendment and i'm trying to understand whether that means that despite the government's not having approved it the county concedes that the fourth amendment is in effect no the county does not concede that and this letter expressly references the conditions proceeding but then the intent is that we also have been receiving these payments while we wait to see if they can be met and we're remitting the snippleman portion of those payments as we're required to do so you think that letter was immaterial you think it just summarized the reality of what was happening yes i do it could have been worded it could have been worded better better for you it was written by a non-lawyer but it's not even better i mean look this is arguably an admission by somebody who's charged with with the administering the contract i understand the board didn't approve that construction but your your line officers who were dealing with it they read it the same way as the government did i i disagree with that reading of the letter because the proceeds that were the payments that were coming in there was an obligation to remit proceeds and i don't think that this letter as inartfully worded as it may be proves by clear and convincing evidence that the county government waived the conditions proceeding let's assume we agree there's an ambiguity as to the effective date versus the approval date and you've neutralized this letter from the county manager whoever he was that wrote that let's assume that are there any facts that suggest here that it should be read any parole evidence other than the reading of the contract itself that suggests that it should be read your way yes nevada links continue to submit financial statements to the county to evaluate whether or not there was any net revenue as calculated for the lease and it's not in the record but my understanding is that the provisional payments have stopped more than two years ago so they're no longer being made your honor i notice my time is almost up i would just like to add that the government's position with respect to the statute of limitations when taken to its necessary conclusion means that the only way for the county despite with the conditions proceeding trying to avoid this predicament the only way for the county to have avoided the specter of litigation or liability would have been to remain trapped in a non-performing lease for a half century if not even a whole century and the minute the county tried to mitigate the bad economic situation that resulted the united states claims a new injury and they get to pounce what's going on within six years but at any point the fourth amendment could have been executed 75 years what's wrong with that i mean you make a lease for 50 years it turns out to be unsuccessful in producing revenue but it deals a deal what's the matter with it having turned into a sour deal because the statute of limitations and the purpose behind it is six years and it's particularly in the real property context is to remove the cloud of litigation so property can be put to a higher and better use which will benefit everybody including ironically the plaintiff here the united states government then why do you think they're taking this position that they're just uh not really they don't know what's for their own good i think they disagree obviously with us that the participatory rent provision is still in effect and their position is that the and that that and that the conditions proceeding have been waived and so that the hundred thousand dollars is the only thing remaining but the county doesn't agree with that and neither is my colleague mr schoenberg for nevada lynx the parties to the contract both agree the participatory rent provision is still in effect well that that's why i think maybe you in the united states ought to give some thought to talking if it looks like this case is heading back to the district court but we have your argument thank you thank you good morning your honors tony schoenberg for the respondent nevada lynx um my clients only suit on the breach of fiduciary duty claim not on the breach of contract claim so i'm going to limit my comments to that first your honors i did want to mention in the discussion of statute of limitations i haven't heard anyone talk about inquiry notice inquiry notice is not a high bar the ninth circuit has said that quote accrual does not wait until the injured party has access to or constructive knowledge of all the facts required to support its claim but doesn't that just mean that if the saying this is zero payment this is zero participatory rent that's a breach if they had sued on that basis then i think he'd be right but they haven't sued on that basis well i i think they're they've artificially tried to limit their claim to just challenging the fourth amendment because of their concern about the statute of limitations certainly seems that way but but counsel what let's assume that that's a fair reading of what united states has done um uh why can't they limit what their claim is for breach i mean isn't it good for the defendants for the united states to say everything up until september 2011 no breach and all we want is going forward i mean uh they they could have theoretically said you know there there was stuff we weren't told there's stuff we didn't know so um the discovery rule etc but i mean in the abstract isn't it not so bad that the united states is saying uh you paid us zero for whatever how many 12 years or whatever it is and we don't we don't get anything for that period well i think the u.s has to limit or it has to live with the consequence of its decision to limit its claim in that way yeah the limit is they don't get to um cancel the county's uh ownership of the property uh they don't get the property back until there's a breach of the fourth amendment well if you accept the u.s's premise that one hundred thousand dollars per year is unequivocally less than fair market value regardless of the underlying economics and that is the u.s's position then it necessarily follows that the u.s was at least on inquiry notice of its alleged injury that is that the county was collecting less than fair market value when the u.s learned years earlier the statute doesn't talk about what the u.s is collecting it talks about when it enters into a lease the statute says the county can't lease the land for less than fair market value it doesn't say that the county can't collect less than fair market value fair market value is often a percentage lease well under the inquiry notice standard the u.s was at least on notice of its potential injury related to that fair market value standard when its employees learned as early as 2004 that zero dollars was being collected but isn't it possible that zero dollars could be the right amount not paid because the parties to the lease are actually expecting that this property will be you know something will happen to it that will give it new value and then the money will start to really flow in a big way to accommodate all those zero years that's possible i'm not saying that that's not possible but if you accept the premise that a hundred thousand dollars is necessarily less than fair market value than the necessary but it's but it's a hundred zero is also less than but it's a hundred thousand forever it's not a hundred thousand from 2011 to 2012 the way the united states is reading the lease and it strikes me as a fair reading of the fourth amendment it's a hundred thousand forever not a hundred thousand plus participatory rent but a hundred thousand forever and and that's their is less um is a violet violative of the moa well i my time is running short so i do want to make a couple more points uh your honors um one is that um the the u.s is seeking to apply an accrual standard for the breach of fiduciary duty claim that is incorrect the accrual standard is not a repudiation based standard the jones line of cases makes that clear and the u.s really hasn't tried to distinguish those cases other than to say that they're from the court of claims and that the u.s was the defendant instead of the plaintiff in those claims they're just not suing on the claim that you say they're suing on they're they're characterizing it as a different claim it's not for the participatory rent it's that the fixed rent was non-compliant no no i understand but either way repudiation is not the standard for accrual of a few of a breach of fiduciary duty claim and that's the jones line of cases makes that clear that repudiation is only the accrual standard in the circumstance where the trust corpus is the subject of the claim otherwise you follow the general rules of accrual and for the reasons that we've stated we believe that those rules of accrual do lead to the conclusion that the statute of limitations has expired my time is running over i know i want to just say one last thing that's fine council go ahead okay um we did not intend to suggest that we disagree with the county's interpretation of the lease amendment in our papers and so if somehow that impression was conveyed it was mistaken we we are on board with the county's interpretation actually my client is no longer paying a hundred thousand dollars per year they stopped paying that some time ago thank you thank you your honors all right mr mr schultz we'll we'll give you three minutes thank you your honor um i want to go back to judge cogan's question about whether there's any factual disputes in the extrinsic evidence because i think the county is uh is pointing to the fact that they were still getting financial statements even while the fourth amendment's new rent was in effect if you go to the reply brief the government's reply brief this is page 21 there's a paragraph where we deal with that that piece of evidence and if you read the deposition transcript that witness goes on to explain that the reason the county was still getting the financial statements was because they were consulting with outside counsel about what the effect was of the fourth amendment and so one of the employees goes to their boss and they say you know hey should we still be getting these statements and the boss basically says well while we sort it out keep getting these statements but treat the fourth amendment like it's in effect so i don't think that creates any factual dispute there did the fourth amendment in any way um obliterate or obviate the need to send financial statements i didn't see anything that says you you know this provision of the original lease is withdrawn i think once the effective date happened then the there was no provision that that ceased the obligation to send financial statements before the effective date as far as i'm aware i also want to just briefly talk about the idea that this might have been a participatory rent plus the hundred thousand dollar rent that's not how we read it and we've explained that in our brief but i also want to point out that even if the court thinks that that was the effect of the fourth amendment whether or not that constitutes a breach is a complicated question and that's because the fourth amendment wasn't just changing the rent it was also attempting to convey very valuable additional development rights and so in light of that you would have to assess i suppose whether that participatory rent plus the hundred thousand dollar rent based on the information known as of september 2011 was equal to the value of whatever was being conveyed i don't know that that's fully answered by the record i'm sorry did you make that specific argument to the district court the one you just made for purposes of summary judgment we did not make that argument and my point is only that if the court um if that if the court thinks that it's relevant for breach to know whether or not the participatory rent is in effect along with the additional rent it starts to become a much more complicated issue but again at a minimum we think that it is ambiguous whether or not the participatory rent coexisted with the hundred thousand dollar rent and frankly we think the contract's terms are clear that the hundred thousand dollar rent supplanted the participatory rent and that indeed was the effect of the estoppel certificate that nevada links and the county jointly recorded i'd be happy to answer any other questions but otherwise we would ask this court to all right thank you the uh we thank council for their helpful arguments and the case just argued is submitted
judges: KLEINFELD, BENNETT, Cogan